1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   HOLLY JO MERICLE,                        No. 2:14-CV-2785-CMK

12                Plaintiff,

13        vs.                                  <u>MEMORANDUM OPINION AND ORDER</u>

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                  Defendant.
16
     _____/
17

18            Plaintiff, who is proceeding with retained counsel, brings this action under

19   42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

20   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21   judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22   before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-

23   motion for summary judgment (Doc. 17).

24   / / /

25   / / /

26   / / /

1

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on January 12, 2011.  In the application, plaintiff claims that disability began on November 27, 2009.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 19, 2013, before Administrative Law Judge ("ALJ") Mark C. Ramsey.  In a May 9, 2013, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

> 1.   The claimant has the following severe impairment(s): major depressive disorder; panic disorder without agoraphobia; post-traumatic stress disorder in partial remission; affective psychosis; bipolar disorder; cannabis abuse; borderline personality disorder; borderline intellectual functioning; tension headaches and asthma;
>
> 2.   The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.   The claimant has the following residual functional capacity: the claimant can perform light work; she can stand and walk for 6 hours in an 8-hour workday; she can sit without limitations; she can lift 20 pounds occasionally and 10 pounds frequently; she has no limits with postural activities and manipulation; she is unable to work near chemicals, dusts, fumes, and gases; she can perform simple, unskilled work involving no frequent contact with the public or co-workers; and
>
> 4.   Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on September 29, 2014, this appeal followed.

# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to

1  support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole,

2  including both the evidence that supports and detracts from the Commissioner's conclusion, must

3  be considered and weighed.  <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

4  <u>v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

5  decision simply by isolating a specific quantum of supporting evidence.  <u>See</u> <u>Hammock v.</u>

6  <u>Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

7  findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8  Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9  Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10  which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v.</u>

11  <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12  standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th

13  Cir. 1988).

14

15  ### III.  DISCUSSION

16       In her motion for summary judgment, plaintiff argues: (1) the ALJ's mental

17  residual functional capacity assessment is not supported by substantial evidence; and (2) the ALJ

18  failed to articulate clear and convincing reasons for rejecting the opinions of Dr. Kemp.

19      **A.**   <u>**Mental Residual Functional Capacity**</u>

20       In determining residual functional capacity, the ALJ must assess what the plaintiff

21  can still do in light of both physical and mental limitations.  <u>See</u> 20 C.F.R. §§ 404.1545(a),

22  416.945(a) (2003); <u>see also</u> <u>Valencia v. Heckler</u>, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual

23  functional capacity reflects current "physical and mental capabilities").  Where there is a

24  colorable claim of mental impairment, the regulations require the ALJ to follow a special

25  procedure.  <u>See</u> 20 C.F.R. §§ 404.1520a(a), 416.920a(a).  The ALJ is required to record pertinent

26  findings and rate the degree of functional loss.  <u>See</u> 20 C.F.R. §§ 404.1520a(b), 416.920a(b).

1    Plaintiff argues:

2        With respect to Holly Mericle's mental residual functional capacity
     ("RFC"), the ALJ stated that he gave significant weight to the opinions of
3    Pamela Hawkins, Ph.D., a non-examining state agency psychologist.  AR
     18.  The question is whether Dr. Hawkins' opinions constitute substantial
4    evidence in support of the ALJ's mental RFC assessment. . . .

5    According to plaintiff, Dr. Hawkins' opinions do not constitute substantial evidence because Dr.

6    Hawkins "did not consider some of Holly Mericle's impairments either singularly or in

7    combination with the other impairments."  Specifically, plaintiff states that Dr. Hawkins' review

8    of the medical records pre-dated evidence of borderline personality disorder and borderline

9    intellectual functioning, both of which the ALJ concluded were severe impairments.

10        Logically, if there is no evidence of the effects of borderline personality disorder

11   and borderline intellectual functioning on plaintiff's ability to perform the mental demands of

12   work, then these impairments would not have factored into an analysis of plaintiff's mental

13   residual functional capacity.  Such is the case here.  Plaintiff repeatedly argues in her brief that

14   Dr. Hawkins' report does not constitute substantial evidence because it pre-dated Dr. Kemp's

15   diagnoses of borderline personality disorder and borderline intellectual functioning.  She does

16   not, however, point to any evidence of record showing what, if any, limiting effects are caused by

17   those impairments.  Because the impairments diagnosed by Dr. Kemp did not have any bearing

18   on consideration of plaintiff's mental residual functional capacity, Dr. Hawkins' report is not

19   undermined even though it pre-dated Dr. Kemps' diagnoses.  As defendant observes: "A mere

20   diagnosis says nothing about disability or about the severity of a claimant's limitations."

21       **B.**    **Evaluation of Medical Opinions**

22        The weight given to medical opinions depends in part on whether they are

23   proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d

24   821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

25   professional, who has a greater opportunity to know and observe the patient as an individual,

26   than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285

4

1    (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given

2    to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4

3    (9th Cir. 1990).

4             In addition to considering its source, to evaluate whether the Commissioner

5    properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

6    in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

7    uncontradicted opinion of a treating or examining medical professional only for "clear and

8    convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

9    While a treating professional's opinion generally is accorded superior weight, if it is contradicted

10   by an examining professional's opinion which is supported by different independent clinical

11   findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

12   1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

13   rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,

14   81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of

15   the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a

16   finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and

17   legitimate reasons, the Commissioner must defer to the opinion of a treating or examining

18   professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,

19   without other evidence, is insufficient to reject the opinion of a treating or examining

20   professional.  See id. at 831.  In any event, the Commissioner need not give weight to any

21   conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,

22   1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);

23   see also Magallanes, 881 F.2d at 751.

24   / / /

25   / / /

26   / / /

1        As to Dr. Kemp, the ALJ stated:

2        Dr. Kemp examined the claimant on April 14, 2013, and opined that even with her impairments, the claimant could perform simple and repetitive tasks; she has only a moderately impaired ability to maintain regular attendance in the workplace; her ability to do work activities in a safe manner is severely impaired due to poor concentration and borderline intelligence; her ability to maintain social functioning is severely impaired; her ability to interact appropriately with supervisors, co-workers, and the public is moderately impaired; and her ability to deal with changes in a routine work setting is severely impaired.  (Ex. 14F/6).

7  The ALJ gave Dr. Kemp's assessment little weight, however, because it is "seriously inconsistent

8  with the claimant's progress notes that actually show that she has responded to care."  The ALJ

9  added: "Dr. Kemp's opinion was also based on diagnostic testing scores that she interpreted 'may

10  be a slightly lower estimate of her ability.'"

11        Plaintiff argues:

12        In rejecting Dr. Kemp's opinions, the ALJ articulated two reasons. First, the ALJ stated that Dr. Kemp's opinions are inconsistent with progress notes that show that Holly Mericle responded to care, and that Mericle acknowledged on "multiple occasions" that her anxiety, hallucinations, and mood improved with medications.  AR 19.

15  According to plaintiff, this reason is invalid because none of the functional limitations identified

16  by Dr. Kemp related to anxiety, hallucinations, or mood.  Plaintiff also argues:

17        As a second reason for rejecting Dr. Kempt's opinions, the ALJ stated that Dr. Kemp's opinion was based on diagnostic testing scores that may be "slightly lower" estimate of her ability.  AR 19; citing AR 424.

19  Plaintiff contends this reason is invalid because she "put forth her best effort" in testing.

20        Plaintiff's arguments are unpersuasive.  Turning to plaintiff's first argument, she

21  acknowledges that the ALJ assigned Dr. Kemp's opinions little weight because progress notes

22  show "that Holly Mericle responded to care, and that Mericle acknowledged . . . her anxiety,

23  hallucinations, and mood improved with medications."  Plaintiff focuses on the second statement

24  regarding anxiety, hallucinations, and mood and ignores the first statement regarding, generally

25  / / /

26  / / /

as to all of plaintiff's mental limitations, improvement with medications.[1]  Whether an impairment improves or is controlled with medication is a proper consideration in weighing medical opinion evidence.  See Crane v. Shalala, 76 F.3d 251 (9th Cir. 1996) (concluding that the ALJ properly rejected a treating source opinion where the evidence illustrated that the claimant's mental impairments were controlled with medication).  Turning to plaintiff's second argument, the court finds that the ALJ properly noted Dr. Kemp's equivocal language in assigning the doctor's opinion less weight.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment (Doc. 14) is denied;

2.      Defendant's cross-motion for summary judgment (Doc. 17) is granted; and

3.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 17, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1]      In a somewhat inconsistent argument, plaintiff contends that evidence showed that her hallucinations and anxiety were not, in fact, well controlled with medication.  According to plaintiff, however, anxiety, hallucinations, and mood are not related to the limitations assessed by Dr. Kemp.  Therefore, whether these problems were controlled with medication would seem to be irrelevant to analysis of the ALJ's findings regarding the limitations opined by Dr. Kemp.